ON MOTION
ARTHUR J. GAJARSA, Circuit Judge.

ORDER

Alexander S. Orenshteyn-moves to reinstate appeal no. 2003-1427. Citrix Systems, Inc. opposes. Orenshteyn replies. Orenshteyn moves to consolidate 2003-1427 with 2008-1378, -1400. Orenshteyn moves to exceed the word limitation and file a brief containing up to 19,000 words. Citrix responds.
Appeal no. 2003-1427 is Orenshteyn’s appeal of the district court’s order granting summary judgment in favor of Citrix. *889 Because Citrix filed a motion for sanctions and attorney fees in the district court, on August 14, 2003 this court stayed proceedings in that appeal at Orenshteyn’s request, directing Orenshteyn to file a motion to lift the stay within 14 days of the date of filing of any further appeals. Subsequently, Orenshteyn filed a bankruptcy petition. On September 9, 2005 the court dismissed 2003-1427 pursuant to Fed. Cir. R. 47.10, providing that if an appeal is subject to a stay due to bankruptcy, the court may dismiss the appeal without prejudice to reinstatement within 30 days after the lifting of the bankruptcy stay. The court’s September 9 order directed Or-enshteyn to move to reinstate the appeal within 30 days of the date of lifting of the bankruptcy stay. On August 25, 2008, the United States Bankruptcy Court for the District of Massachusetts entered an order lifting the stay to permit the above-captioned appeals to proceed.
Orenshteyn states that the bankruptcy court lifted the stay on August 25, 2008 and thus requests reinstatement of appeal no. 2003-1427. Citrix contends that the court’s August 14, 2003 order required Or-enshteyn to move to lift the stay within 14 days of any subsequent appeals, i.e., within 14 days of the May 12, 2008 filing of the appeal in 2008-1378. Citrix further argues that the bankruptcy stay was lifted by the bankruptcy court on August 16, 2005 and the district court on September 27, 2005. Citrix argues that in order for Orenshteyn’s motion to reinstate to be timely, it should have been filed within 30 days of that date.
The court determines that the bankruptcy stay remained in effect until August 25, 2008. The bankruptcy court’s August 16, 2005 order providing limited relief from the automatic stay lifted the stay only for the purpose of allowing the district court to resolve the pending motion for sanctions. The bankruptcy court’s 2005 order did not lift the stay for purposes of prosecuting the instant appeals. Further, the district court’s September 27, 2005 order noted that the stay was lifted with respect to proceedings in the district court but did not lift the stay with respect to any appeals. Thus, the bankruptcy stay remained in effect with respect to appeal no. 2003-1427 until August 25, 2008, and Or-enshteyn’s motion to reinstate was timely. Citrix’s arguments to the contrary are without merit.
Because the appeals arise from the same district court action, the court determines that consolidation is appropriate.
Accordingly,
IT IS ORDERED THAT:
(1) Orenshteyn’s motion to reinstate is granted.
(2) Orenshteyn’s motion to consolidate is granted. The revised official caption is reflected above.
(3) Orenshteyn’s motion to exceed the word limitation is denied.
(4) Orenshteyn’s brief is due within 60 days of the date of filing of this order. Citrix should calculate the due date for its brief from the date of service of Orensh-teyn’s brief.